IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JULIA ANNABELL COLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 7:12-cv-350 |
| | ) | |
| CAROLYN W. COLVIN[1], Acting Commissioner of Social Security, | ) ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff Julia Annabell Cole ("Cole") filed this action challenging the final decision of the Commissioner of Social Security, ("Commissioner"), finding her not disabled and therefore ineligible for disability insurance benefits ("DIB") under the Social Security Act ("Act"). 42 U.S.C. §§ 401–433. Specifically, Cole alleges that the ALJ improperly evaluated her credibility and pain, and that the ALJ's decision was unsupported by the evidence. Cole also alleges that new evidence presented to the Appeals Council warrants remand.

This court has jurisdiction pursuant to 42 U.S.C. § 405(g). This case is before me by referral pursuant to 28 U.S.C. § 636(b)(1)(B). The parties have fully briefed all issues and the case is now ripe for decision. I have carefully reviewed the administrative record, the legal memoranda, and the applicable law. I conclude that substantial evidence supports the Commissioner's decision, and that remand is not warranted based on the additional evidence submitted to the Appeals Council. Accordingly, I **RECOMMEND DENYING** Cole's Motion

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin is hereby substituted for Michael J. Astrue as the defendant in this suit.

1

for Summary Judgment (Dkt. No. 13), and **GRANTING** the Commissioner's Motion for Summary Judgment (Dkt. No. 14).

## STANDARD OF REVIEW

Section 405(g) of Title 42 of the United States Code authorizes judicial review of the Commissioner's denial of social security benefits. Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001). This court limits its review to determining whether substantial evidence exists to support the Commissioner's conclusion that Cole failed to demonstrate that she was disabled under the Act. "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996) (internal citations omitted). If such substantial evidence exists, the final decision of the Commissioner must be affirmed. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

Cole bears the burden of proving that she is disabled within the meaning of the Act. English v. Shalala, 10 F.3d 1080, 1082 (4th Cir. 1993) (citing 42 U.S.C. § 423(d)(5)). The Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment, which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Disability under the Act requires showing more than the fact that the claimant suffers from an impairment which affects her ability to perform daily activities or certain forms of work. Rather, a claimant must show that her impairments prevent her from engaging in all forms of substantial gainful employment given her age, education, and work experience. See 42 U.S.C. §§ 423(d)(2), 1382c(a)(3)(B).

The Commissioner uses a five-step process to evaluate a disability claim. <u>Walls v. Barnhart</u>, 296 F.3d 287, 290 (4th Cir. 2002). The Commissioner asks, in sequence, whether the claimant: (1) is working; (2) has a severe impairment; (3) has an impairment that meets or equals the requirements of a listed impairment; (4) can return to her past relevant work; and if not, (5) whether she can perform other work. <u>Johnson v. Barnhart</u>, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (per curiam) (citing 20 C.F.R. § 404.1520); <u>Heckler v. Campbell</u>, 461 U.S. 458, 460-462 (1983). The inquiry ceases if the Commissioner finds the claimant disabled at any step of the process. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four to establish a prima facie case for disability. The burden shifts to the Commissioner at step five to establish that the claimant maintains the Residual Functioning Capacity ("RFC"), considering the claimant's age, education, work experience, and impairments, to perform available alternative work in the local and national economies. 42 U.S.C. § 423(d)(2)(A); <u>Taylor v. Weinberger</u>, 512 F.2d 664, 666 (4th Cir. 1975).

In cases such as this, where the claimant has submitted additional evidence to the Appeals Council, and the Appeals Council considered that evidence, this court must review the record as a whole, including the new evidence, to determine whether substantial evidence supports the Commissioner's findings. <u>Wilkins v. Secretary, Dep't of Health and Human Servs.</u>, 953 F.2d 93, 95-96 (4th Cir. 1991).

## **STATEMENT OF FACTS**

### **Social and Vocational History**

Cole was born on December 21, 1956 (Administrative Record, hereinafter "R." at 23), and is considered an "individual closely approaching advanced age" under the Act. 20 C.F.R. § 404.1563. Cole is insured through June 30, 2012 (R. 177); therefore she must show that her

disability began before the end of her insurance period, and existed for twelve continuous months to receive DIB. 42 U.S.C. § 423(a)(1)(A), (c)(1)(B), (d)(1)(A); 20 C.F.R. §§ 404.101(a), 404.131(a). Cole obtained her GED and received her associate's degree in early childhood education. R. 28, 375. Cole previously worked as a sewing machine operator, stocker/packer, and teacher's aide. R. 18, 51-52, 215, 222. Cole reported that, during the relevant period, she cared for her personal needs, cooked, washed dishes, performed laundry, cleaned the house, mopped floors, shopped in stores for groceries, gardened, worked on her computer, read, listened to music, played cards and board games, watched television, and talked on the phone to friends and family. R. 36, 50, 202-06, 242-46, 395.

## Claim History

Cole protectively filed for DIB on September 24, 2008, claiming that her disability began on December 19, 2007. R. 168-71. The state agency denied her application at the initial and reconsideration levels of administrative review. R. 58, 101-06, 108-10. On July 22, 2010, ALJ Geraldine Page held a hearing to consider Cole's disability claim. R. 22-57. Cole was represented by counsel at the hearing, which included testimony from vocational expert Donald Anderson, Ed.D. R. 22-57.

On August 4, 2010, the ALJ entered her decision denying Cole's claims. R. 10-20. The ALJ found that Cole suffered from the severe impairments of obesity, fibromyalgia, diabetes mellitus, cervical spondylosis, depression, and anxiety. R. 12. The ALJ found that these impairments, either individually or in combination, did not meet or medically equal a listed impairment. R. 13-14. The ALJ further found that Cole retained the residual functional capacity ("RFC") to perform a light work, with the following limitations:

> [S]he can occasionally climb ramps and stairs but not ladders, ropes, or scaffolds. She can occasionally balance, kneel, crawl, stoop and crouch. She can occasionally reach

4

with the right upper extremity. She should avoid hazards such as moving machinery, unprotected heights, and vibrating surfaces. She should engage only in unskilled work with simple, routine, repetitive tasks. She should avoid excessively loud background noise.

R. 14. The ALJ determined that Cole could not return to her past relevant work as sewing machine operator, stock/packer and teacher's aide (R. 18), but that she could work at jobs that exist in significant numbers in the national economy, such as retail marker, cashier, and counter clerk. R. 19. Thus, the ALJ concluded that she was not disabled. R. 19.

After the ALJ's decision, Cole submitted to the Appeals Council additional medical records dated November 4, 2011 through December 1, 2011. The Appeals Council found that these records were not related to the time period at issue, and declined to make them a part of the record. R. 2. On June 1, 2012 the Appeals Council denied Cole's request for review (R. 1-2) and this appeal followed.

## **ANALYSIS**

Cole alleges that the ALJ erred by: 1) failing to include a function-by-function assessment of Cole's ability to do work in the decision; 2) failing to support her credibility analysis with specific citations to medical evidence in the record; and 3) failing to properly evaluate Cole's pain and the impact it has on her daily activities. Cole also alleges that additional evidence submitted to the Appeals Council is new and material evidence that warrants remand under sentence six of 18 U.S.C. § 405(g).

### **Function-by-Function Assessment**

Cole alleges that the ALJ's decision is deficient because it fails to provide a specific and defined analysis of Cole's residual functional capacity, including a function-by-function assessment of Cole's ability to do work pursuant to Social Security Ruling ("SSR") 96-8p. This ruling provides that the RFC assessment:

> Must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations). In assessing RFC, the adjudicator must discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis (i.e., 8 hours a day, for 5 days a week, or an equivalent work schedule), and describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record.

SSR 96-8p.

Cole provides no legal authority for the proposition that this ruling requires an ALJ to include a "function-by-function" analysis in her decision. In fact, several cases from this circuit reject Cole's argument and hold that SSR 96-8p does not require the ALJ to include a function-by-function analysis in the RFC assessment. See Gullace v. Astrue, Civil Action No. 1:11cv0755, 2012 WL 691554, at *22 (E.D. Va. Feb. 13, 2012); Anderson v. Astrue, Civil No. 3:10-cv-583, 2011 WL 3585390, at * 5 (E.D. Va. July 28, 2011); Mellon v. Astrue, C/A No. 4:08-2110-MBS, 2009 WL 2777653, at * 12 (D.S.C. Aug. 31, 2009)(collecting cases).

The ALJ is not required to undertake a specific discussion of each of the exertional limitations in the RFC analysis, but rather must provide a narrative discussion that builds a "logical bridge" from the plaintiff's medical history to the RFC conclusion. Anderson, 2011 WL 3585390, at * 5 (citing Banks v. Astrue, 537 F. Supp. 2d 75, 84-85 (D.D.C. 2008). In Anderson, the court found that the ALJ's RFC determination must address exertional limitations, but written articulation of such limitations is not required, especially where the ALJ provides a thorough discussion of a plaintiff's limitations. 2011 WL 3585390, at * 5.

In this case, the ALJ provided a thorough analysis of the evidence in the record, including the objective medical evidence, opinion evidence, and Cole's testimony in arriving at her RFC assessment. Thus, I find that the ALJ properly built a "logical bridge" from Cole's medical history to the RFC determination.

6

During the relevant time period, Cole sought treatment with Osei Bonsu, D.O., a primary care physician, for diffuse joint pain, including pain in her arms, knees, and feet, as well as depression and anxiety. In July 2008, John Wolfe, M.D., a rheumatologist, diagnosed Cole with fibromyalgia and depression. R. 317. Dr. Wolfe prescribed Ambien for sleep, and Wellbutrin for fibromyaliga. R. 317. Cole underwent several objective medical tests, including rheumatological testing (R. 499), a CT scan of her head (R. 460-66), an MRI of her brain (R. 472-85), and x-rays of her cervical spine and knee (R. 405, 411). All tests were normal.

In June 2009, Dr. Bonsu noted that Cole was "very" noncompliant with her medications, and that her fibromyalgia symptoms were stable. R. 455. Dr. Bonsu referred Cole to physical therapy, and recommended that she lose weight through diet and exercise. R. 449. In August 2009, Cole sought treatment from Paul Liebrecht, M.D., an orthopedic specialist, who diagnosed her with adhesive capsulitis in her right shoulder. R. 497. Between August and September 2009, Cole underwent physical therapy, received steroid injections, and took pain medication for her shoulder, without full relief. R. 393, 395-96, 404, 495-97. In October 2009, Cole underwent an arthrosporic capsular release in her right shoulder. R. 401-06, 495. In February 2010, Donald D'Alessandro, M.D., Cole's orthopedic surgeon, noted that Cole was doing well and regained strength and range of motion. R. 430.

In April 2010, Dr. Bonsu referred Cole back to Dr. Liebrecht to evaluate her complaints of knee pain. R. 415, 421. Dr. Liebrecht diagnosed non-specific knee pain and recommended Motrin. R. 411. In June 2010, Dr. D'Alessandro found that Cole's right shoulder was doing well. She had some limitation of range of motion with extremes of internal rotation, but she had full forward elevation and good strength on rotator cuff testing. R. 492. Dr. D'Alessandro concluded that no further studies or surgical intervention were needed. R. 491. In July 2010, Dr.

7

Bonsu again noted that Cole was "very" noncompliant with her medication, and that Cole was not taking any pain medication on a regular basis. R. 501.

With regard to Cole's mental impairments, from March 2008 to July 2010, Dr. Bonsu treated Cole for depression and anxiety through medication management. R. 298-306, 324-29, 340-48, 353-56, 417-20, 446-50, 455-58, 467-70, 485-87, 501-04. During the majority of the relevant period, Cole's depression and anxiety were controlled and stable with medication. R. 326, 346, 355, 429, 431, 457, 504. Dr. Bonsu recommended that Cole seek counseling on two occasions during the relevant period, in April 2009 (R. 459) and August 2009 (R. 445, 449). In April 2009, Cole began counseling with Brenda Worrell, a licensed clinical social worker, who diagnosed Cole with major depressive disorder and assessed her with a global assessment functioning score (GAF) of 60. R. 373-77. Ms. Worrell noted that although Cole had an anxious and depressed mood, blunted affect, and poor abstraction, she had normal motor activity, normal speech, normal perception, logical and goal-directed thought content, intact memory, average intelligence, and fair judgment and insight. R. 376. In June 2009, a mental status examination revealed that Cole had a calm, pleasant demeanor, normal motor activity, normal speech, perception, and thought content, logical and coherent stream of thought, euthymic mood, fairly concrete abstraction, intact memory, normal attention and concentration, good fund of knowledge, and fair insight and judgment. R. 383. By June 17, 2009, Dr. Bonsu noted that Cole's anxiety and depression were stable and improved. R. 457.

In August 2009, Dr. Bonsu referred Cole to a psychiatrist due to a mild flare in depression and anxiety. R. 445. Dr. Bonsu's subsequent treatment notes indicate that Cole's depression and anxiety were controlled on medication. R. 429, 431.

Considering the evidence set forth above, the ALJ determined that Cole was capable of a limited range of light work. With regard to Cole's mental limitations, the ALJ limited Cole to unskilled work involving only simple, routine, repetitive tasks. R. 14. Having reviewed the record as a whole, I find that the ALJ's conclusions are supported by substantial evidence in the record. As noted by the ALJ, throughout the relevant period, Cole's physical exams generally revealed normal reflexes, strength, sensation, range of motion and gait. R. 299, 302, 305, 325, 329, 341, 344, 354, 409, 411, 430, 468. All objective studies and tests were normal, including nerve conduction studies, a CT scan, an MRI, and x-rays. R. 293, 405, 411, 460, 472, 499. Cole's fibromyalgia was stable on medication. R. 299-302, 304, 306, 328, 340, 344, 355, 455, 485. Cole's rotator cuff repair surgery was successful, and post-surgery Cole regained full strength and range of motion in her shoulder. R. 397, 491.

With regard to her mental impairments, Cole sought limited mental-health related treatment, and her depression and anxiety were controlled and largely stable with medication. R. 326, 346, 355, 429, 431, 457, 504. Although Cole experienced some flares of her depression and anxiety, her symptoms improved and stabilized each time with medication management. R. 373-77, 383-84.

Furthermore, I find that the ALJ's opinion does exactly what SSR 96-8p directs. The ALJ set forth her finding that Cole is capable of a limited range of light work, specifically noting each exertional limitation. The ALJ then included a narrative discussion describing how the evidence supports this conclusion, citing specific medical and nonmedical evidence. Cole does not identify any particular functional limitations that the ALJ failed to account for in the RFC assessment. Consequently, I find that Cole's assertion that the ALJ's opinion should be more "specific" and "detailed" is unsupported by this record and the case law.

## **Credibility**

Cole argues that the ALJ erred by failing to properly evaluate her credibility because the ALJ did not provide specific references in the record to support the credibility analysis. Cole argues that the ALJ's decision does not meet the standards of SSR 96-7p, which requires the ALJ to cite "specific reasons for the findings of credibility supported by the evidence in the case record." SSR 96-7p.

A reviewing court gives great weight to the ALJ's assessment of a claimant's credibility and should not interfere with that assessment where the evidence in the record supports the ALJ's conclusions. See Shively v. Heckler, 739 F.2d 987, 989-90 (4th Cir. 1984)(finding that because the ALJ had the opportunity to observe the demeanor and to determine the credibility of the claimant, the ALJ's observations concerning these questions are to be given great weight.)

In this case, the ALJ found that Cole's statements concerning the intensity, persistence and limiting effects of her allegedly disabling symptoms are not fully credible. In the pages of her decision following this statement, the ALJ thoroughly considered the evidence of record, and provided sufficient support for both the RFC finding and the determination of Cole's credibility. R. 15-18. The ALJ compared Cole's alleged symptoms to the findings in her treatment records and mental health assessments, and discussed her relatively normal findings on physical exam and objective tests, moderate symptoms, minimal treatment, and noncompliance with medications. R. 15-18.

While courts have criticized the Commissioner's use of boilerplate language regarding credibility, as long as the credibility determination is supported by contradictory medical evidence in the record, the Commissioner's decision must be affirmed. See Campbell v. Astrue, No. 2:11cv563, 2013 WL 1213057, at *11 (E.D. Va. March 1, 2013)(citing Bjornson v. Astrue,

671 F.3d 640, 645 (7th Cir. 2012); Racey v. Astrue, No. 5:12CV00036, 2013 WL 589223, at *6 (W.D. Va. Feb. 13, 2013). Here, the ALJ's analysis provided specific reasons for the credibility findings and satisfies the requirements of SSR 96-7. Thus, I find that the ALJ's finding that Cole is not fully credible is entitled to deference.

## Pain

Cole argues that the ALJ erred by failing to properly evaluate her subjective complaints of pain. Specifically, Cole argues that the ALJ erred by failing to give consideration to her "testimony and her work record, why she left her employment, daily activities, pain specifics and duration and the precipitating factors which increased or decreased the level and type of pain claimant experiences." Cole also argues that the Commissioner should have taken into consideration her intolerance for pain medication. Generally, Cole argues that the ALJ failed to provide a sufficient analysis of her pain complaints.

The ALJ determines the facts and resolves inconsistencies between a claimant's alleged impairments and her ability to work. See Smith v. Chater, 99 F.3d 635, 638 (4th Cir. 1996). Cole's subjective allegations of disabling pain are not conclusive. The Fourth Circuit has recognized a two-step process to determine whether a claimant is rendered disabled by pain. Hines v. Barnhart, 453 F.3d 559, 564-66 (4th Cir. 2006). First, the claimant must establish with objective medical evidence that she suffers from an impairment that could reasonably be expected to cause pain. Id.; see also Craig, 76 F.3d at 594. "It is only *after* a claimant has met [this] threshold obligation . . . that the intensity and persistence of the claimant's pain, and the extent to which it affects her ability to work, must be evaluated." Craig, 76 F.3d at 595 (citing 20 C.F.R. §§ 416.929(c)(1) & 404.1529(c)(1)) (emphasis in original). During this second step, the claimant may rely entirely on subjective evidence, but objective evidence remains relevant.

11

Hines, 453 F.3d at 565.  In other words, the absence of objective medical evidence of the intensity, severity, degree, or functional effect of pain is not determinative.  Id.

A claimant's allegations about her pain "need not be accepted to the extent they are inconsistent with the available evidence, including objective evidence of the underlying impairment, and the extent to which that impairment can reasonably be expected to cause the pain the claimant alleges she suffers." Craig, 76 F.3d at 595 (citing 20 C.F.R. § 416.929(c)(4)). Furthermore, the claimant cannot make a showing of disability merely by demonstrating that he experiences pain.  Green v. Astrue, 3:10CV764, 2011 WL 5593148, at *4 (E.D. Va. Oct. 11, 2011) (citing Hays, 907 F.2d at 1457–58) ("An individual does not have to be pain-free in order to be found 'not disabled.'"), report and recommendation adopted, 3:10CV764, 2011 WL 5599421 (E.D. Va. Nov. 17, 2011).  The pain must be so severe as to prevent the claimant from performing any substantial gainful activity.

In this case, the ALJ recognized that Cole suffers from severe impairments that cause her to experience pain. As the ALJ noted in his opinion, the issue is not whether Cole has pain, but whether that pain is so severe as to be disabling. The ALJ found that Cole's statements regarding disabling pain are not entirely credible and are not supported by the degree of medical treatment she received, the findings made on examination, and the reports of the reviewing, treating and examining physicians in the record. The ALJ included a detailed analysis of Cole's treatment records in the opinion in support of this conclusion.  After a review of the record as a whole, I find that substantial evidence supports the ALJ's determination that Cole's testimony regarding her disabling pain is only partially credible, and that Cole is capable of performing the limited range of light work set forth in the ALJ's opinion.

Cole's treatment records do not reflect a debilitating condition, but rather a condition that required conservative treatment and was controlled by medication. Although Cole's medical records reflect complaints of pain, they lack evidence of functional restrictions arising from that pain. Cole's physical examinations generally revealed nothing more than diffuse tenderness. Cole's treatment records consistently note normal range of motion, strength, reflexes, sensation or gait. R. 299, 302, 305, 325, 329, 341, 344, 354, 409, 411, 430, 468.

Additionally, Cole's treatment is not reflective of someone who is suffering from debilitating pain. Cole is obese; thus, her physicians recommended weight loss and increased physical activity. R. 449. Aside from Cole's shoulder surgery, which was successful, her conditions were treated exclusively with medication and physical therapy.[2] R. 299-302, 304, 306, 328, 340, 344, 355, 455, 485. Cole reported that medication alleviated pain in her arms and feet. R. 304. There is no indication in the record that Cole used other pain management techniques, such as TENS unit, dorsal stimulator, morphine pump, massage, acupuncture, chiropractor, or hot/cold packs. There is also no evidence in the record of physical manifestations of Cole's pain, such as appetite loss, muscular atrophy, or muscle spasms. With regard to mental limitations, Cole's mental examinations were generally benign, and Cole's depression and anxiety were controlled and stable with medication. R. 326, 346, 355, 457, 504, 429, 431.

Finally, Cole's subjective statements also undermine her assertion that she is incapable of performing a limited range of light work. On her application for benefits, Cole reported that she

---

[2] Cole also argues that the ALJ should have taken into consideration the "impact" that pain medication had on her. Presumably, Cole is referring to her testimony at the hearing that her non-compliance with medication was due to intolerance. Although the ALJ referred to the notes of Cole's medical providers that she was non-compliant with her medications, there is no indication that the ALJ improperly relied upon Cole's non-compliance with medications in assessing her pain and credibility. As noted above, a reviewing court gives great weight to the ALJ's assessment of a claimant's credibility and should not interfere with that assessment where the evidence in the record supports the ALJ's conclusions. Shively v. Heckler, 739 F.2d 987, 989-90 (4th Cir. 1984).

cared for her personal needs, washed dishes, cooked, did the laundry, cleaned the house, mopped the floors, shopped in stores for groceries, gardened, worked on her computer, and talked on the phone to friends and family. R. 13, 36, 50, 202-06, 242-46, 395.

The ALJ does not assert that Cole is pain free. On the contrary, the ALJ recognizes that Cole suffers from severe conditions that limit her ability to function. The issue, however, is not whether Cole has physical impairments or experiences symptoms, but whether those impairments and symptoms prevent her from performing the limited range of unskilled, light jobs identified by the vocational expert. The ALJ accounted for the limitations posed by Cole's impairments by limiting her to a range of light work. The ALJ restricted Cole's ability to ladders, ropes, or scaffolds, and found that she should avoid hazards, unprotected heights, vibrating surfaces, and excessively loud background noise. The ALJ further restricted Cole to unskilled jobs with simple, routine, repetitive tasks. R. 14.

Viewed as a whole, the record reflects that Cole suffers from pain that is largely managed with medication. The ALJ carefully considered Cole's subjective statements with regard to her pain and found that they were contrary to other evidence in the record. Given the evidence set forth above, I find substantial evidence to support the ALJ's decision that Cole is capable of performing a range of light work.

## Additional Evidence

Finally, Cole argues that, as an alternative to summary judgment, this case should be remanded to the Commissioner pursuant to sentence six of 42 U.S.C. § 405(g) on the basis of new evidence that she submitted to the Appeals Council. After the ALJ's decision, Cole submitted to the Appeals Council medical records from Ortho Carolina dated November 4, 2011 through December 1, 2011. The Appeals Council found that these records were not related to the

time period at issue, and declined to make them a part of the record. R. 2. Cole argues that these records are new, material evidence that warrant remand of the case. However, the Appeals Council did not make these medical records a part of the administrative record, and Cole did not submit these medical records to the court for review, despite the court's permission to supplement the record after oral argument. Thus, the records at issue are not before the court, and there is no basis upon which to remand this case under 42 U.S.C. § 405(g).

## CONCLUSION

It is not the province of the court to make a disability determination. The court's role is limited to determining whether the Commissioner's decision is supported by substantial evidence, and in this case, substantial evidence supports the ALJ's opinion. In recommending that the final decision of the Commissioner be affirmed, I do not suggest that Cole is totally free from any distress. The objective medical record simply fails to document the existence of any physical conditions which would reasonably be expected to result in total disability from all forms of substantial gainful employment. It appears that the ALJ properly considered all of the objective and subjective evidence in adjudicating Cole's claim for benefits and in determining that her physical and mental impairments would not prevent her from performing any work. It follows that all facets of the Commissioner's decision in this case are supported by substantial evidence. Accordingly, I recommend that the Commissioner's decision be affirmed, the defendant's motion for summary judgment be **GRANTED**, and Cole's motion for summary judgment be **DENIED**.

The Clerk is directed to transmit the record in this case to Samuel G. Wilson, United States District Judge, and to provide copies of this Report and Recommendation to counsel of record. Both sides are reminded that pursuant to Rule 72(b), they are entitled to note any

objections to this Report and Recommendation within fourteen (14) days hereof. Any adjudication of fact or conclusion of law rendered herein by me that is not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusion reached by me may be construed by any reviewing court as a waiver of such objection.

                                              Entered: January 21, 2014

                                              */s/ Robert S. Ballou*

                                              Robert S. Ballou
                                              United States Magistrate Judge